# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DARRYL KEITH LESTER, JR.,** | ) | CASE NO. 7:17CV00230 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VDOC, | ) | By: Norman K. Moon |
| Respondent. | ) | Senior United States District Judge |

Darryl Keith Lester, Jr., a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Danville City Circuit Court. Respondent filed a motion to dismiss Lester's § 2254 petition, and Lester responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

## I.

On September 26, 2013, Lester was convicted in the Danville City Circuit Court of rape, three counts of use of a firearm, and two counts of forcible sodomy.[1] The circuit court sentenced him to an active sentence of 73 years in prison. He appealed, but the Court of Appeals of Virginia denied his petition, and then affirmed the denial by a three-judge panel. Lester appealed again, but the Supreme Court of Virginia refused review.

## II.

On May 18, 2017, Lester filed the present petition, alleging two claims:

1. Lester's right to due process of law was violated when he was convicted upon insufficient evidence; and

---

[1] He was acquitted of two counts of abduction, one count of use of a firearm, and one count of possession of a firearm after having been previously convicted of a felony.

2. Lester's due process rights were violated when his silence during interrogation was used against him.

Lester's petition is timely and his claims are properly exhausted. *See* 28 U.S.C. § 2244(d)(1)(A); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

### III.

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

or

(2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

For sufficiency claims, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original) (citing *Johnson v. Louisiana*, 406 U.S. 356, 360 (1972)). Further,

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if *no rational trier of fact could have agreed with the jury*." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (emphasis added).

### IV.

In Claim 1, Lester alleges that the evidence is insufficient because: (1) the evidence does not disprove that the sexual intercourse between Lester and victim was consensual; (2) the victim had several opportunities to rebut Lester's advances, but failed to do so; (3) the victim did not leave Lester's presence, despite an opportunity to do so; and (4) the victim being found in the fetal position does not necessarily indicate that an assault occurred, but that victim was ashamed after having sexual intercourse with a relative.

On direct review, the Court of Appeals of Virginia held:

> [T]he evidence proved that on February 17, 2013, [Lester] asked the victim, his first cousin, for a ride to his motel room. [Lester] was driving his girlfriend's car, and although the victim did not have a driver's license, she agreed to drive [Lester] if he paid her. Upon arriving at the motel, appellant took a Wal-Mart bag inside and the victim followed [Lester] inside the room because he appeared to be having problems. [Lester] and the victim sat on separate beds in the room, he offered her a beer, and he sniffed a white powder. [Lester] was on probation, and the victim confronted [Lester] about the white powder. [Lester] stated he was already in trouble and everything was "fucked up." The victim asked [Lester] what was on his mind, and [Lester] replied that she did not want to know.

3

[Lester] then stated, "I just wanna fuck the hell outta you." The victim felt uncomfortable and she started to gather her belongings, but [Lester] asked to see her phone and she gave him her phone. The victim testified [Lester] then pulled out a firearm, forced her to undress, and she sat on a bed. The victim testified [Lester] undressed, forced her to perform oral sex on him, penetrated her vaginally, and after using lubricant that was in the Wal-Mart bag, penetrated her anally. The victim testified [Lester] forced her to shower and [Lester] drove her to her sister's house. While in the car, [Lester] stated to the victim, "I fucked up, Cuz, but I just done . . . ." [Lester] also stated that he knew she was going [to] report the incident, the family would have nothing to do with him, and he was going to flee.

When the victim arrived at her sister's house, she screamed for her sister and curled up on the floor. The victim was shaking and repeatedly stated "he did it." The victim went to the hospital. [Lester] could not be eliminated as a contributor of DNA found on the victim's thigh and external genitalia. Officer Gillespie went to the motel room and saw a white powder, and a field test was negative for cocaine.

[Lester] testified the victim was in the motel room with him, she removed his pants, and she voluntarily performed oral sex on him. [Lester] testified they then had consensual vaginal and anal intercourse. [Lester] denied sniffing a white powder and denied possessing a firearm. [Lester] testified after the incident, he went to Greensboro, North Carolina and stayed with his girlfriend. [Lester] admitted he was a convicted felon, admitted he was on probation, and admitted he was not permitted to travel out of state.

The trial judge heard the testimony of the witnesses and observed their demeanor. The trial judge found that [Lester's] testimony that the sexual contact was consensual was not credible. The trial judge stated that if the victim was the one planning on having intercourse with [Lester], why did [Lester] have a motel room with beer and have lubricant in the Wal-Mart bag when he picked up the victim. The trial judge stated that when the victim arrived at her sister's house, she was shaking and in a fetal position on the floor, she immediately went to the hospital, and [Lester] immediately fled to North Carolina. The trial judge rejected [Lester's] defense that the victim was in a fetal position because she was ashamed at engaging in consensual sexual relations with [Lester], her first cousin, and that [Lester] purchased the lubricant for use with his girlfriend.

*Lester v. Commonwealth*, No. 0603-14-3, slip op. at 2-3 (Va. Ct. App. Dec. 5, 2014), ECF No. 10, Attach 1.

In his own testimony, Lester admitted that the sexual acts had occurred; therefore, the only factual issues for the trial court to resolve were whether the acts were consensual, and whether Lester had used a firearm in the commission of the acts.

For a sufficiency claim, a habeas court's review is "sharply limited." *Hamilton v. Mullin*, 436 F.3d 1181, 1194 (10th Cir. 2006). Further, neither the prosecution nor the factfinder is required to "rule out every hypothesis except that of guilt beyond a reasonable doubt" in order to sustain a guilty verdict. *Jackson*, 443 U.S. at 326. As long as the factfinder considers the defense as well as the government's case, the habeas court's "limited task in reviewing the verdict is simply to assure that substantial evidence supports it." *United States v. Burgos*, 94 F.3d 849, 866 (4th Cir. 1996).

At trial, the victim's testimony established that the intercourse had not been consensual and that Lester had used a firearm in the performance of rape and sodomy. The trial judge, sitting as the fact-finder, had the opportunity to observe and hear both Lester and the victim, and concluded that Lester's testimony that the sexual contact was consensual was not credible. Trial Tr. 172. The judge questioned why Lester had a motel room with beer and lubricant in a Wal-Mart bag when he picked up the victim if the victim was actually the one who had wanted to have intercourse with Lester. Trial Tr. 172-73. The judge also stated that when the victim arrived at her sister's house, she was shaking in the fetal position on the floor. Trial Tr. 173. After that, the victim immediately went to the hospital to receive medical care and a rape kit, and Lester fled to North Carolina. Trial Tr. 173. Lastly, the trial judge rejected Lester's defense that the victim was in a fetal position because she was ashamed at engaging in consensual sexual relations with Lester, her first cousin, and that Lester had purchased the lubricant for use with his girlfriend. Trial Tr. 172-73.

Substantial evidence of guilt supported Lester's convictions; therefore, the Supreme Court of Virginia's rejection of Lester's testimony was not objectively unreasonable, and I grant the motion to dismiss as to Claim 1. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (emphasis added) (holding that "28 U.S.C. § 2254(d) gives federal habeas courts *no license to redetermine credibility of witnesses* whose demeanor has been observed by the state trial court, but not by them").

In Claim 2, Lester argues that his due process rights were violated because the prosecutor asked him on cross-examination why he did not tell the police that the sexual acts were consensual.

Lester does not cite any law in his federal habeas petition; however, on appeal, he relied upon *Caprino v. Commonwealth*, 670 S.E.2d 36 (Va. Ct. App. 2008), which cited and discussed *Doyle v. Ohio*, 426 U.S. 610 (1976). In *Doyle*, the Supreme Court of the United States held that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619. The Court explained that "the unfairness occurs when the prosecution, in the presence of the jury, is allowed to undertake impeachment on the basis of what may be the exercise of [remaining silent]." *Id.* at 619 n.10.

However, improper *Doyle* impeachment does not always violate due process because:

> [courts] normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions, *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), and a strong likelihood that the effect of the evidence would be "devastating" to the defendant, *Bruton v. United States*, 391 U.S. 123, 136 (1968).

*Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987). Further, quick curative action can eliminate any due process issues when the unconstitutional conduct was minor. *See id.* at 766 (holding that "a

6

single question, an immediate objection, and two curative instructions clearly indicates that the prosecutor's improper question did not violate [defendant's] due process rights").

Meanwhile, in bench trials, "[j]udges are presumed to know the law and apply it in making their decisions," and are "presumed to have considered only relevant, material, and competent evidence in arriving at [their] judgment[s]." *Moreland v. Bradshaw*, 699 F.3d 908, 929 (6th Cir. 2012) (citation and internal quotation marks removed); *see also People v. Titone*, 505 N.E.2d 300, 305 (Ill. 1986) (quoting *People v. Eddmonds*, 461 N.E.2d 347, 357 (Ill. 1984)) (Even when assuming a *Doyle* violation, if "[d]efendant was convicted in a bench trial, [] the court 'is presumed to have considered only properly admitted evidence and defendant was not prejudiced.'").

At trial, the prosecutor asked two related questions regarding Lester's failure to inform officers that the intercourse was consensual, despite Lester's opportunity to do so.[2] However, the prosecutor's improper questioning did not violate Lester's due process rights because Lester cannot show that there was an overwhelming probability that the judge would be unable to disregard the inadmissible evidence, and that there was a strong likelihood that the effect of the evidence would be devastating to Lester.

First, Lester was convicted in a bench trial. Under *Moreland*, judges are presumed to know the law and only consider proper evidence. Second, although the Commonwealth did ask two improper questions, defense counsel immediately objected following the second interrogatory because Lester had the right to remain silent. The prosecutor then abandoned the line of questioning. Third and relatedly, the trial judge later explicitly acknowledged that the Commonwealth's two questions were improper and explained that he had not used the

---

[2] The relevant cross-examination and discussion is at Trial Tr. 151-154.

7

inadmissible evidence in deciding Lester's guilt.[3] *Lester*, No. 0603-14-3, slip op. at 5. Lastly, Lester has not factually supported his allegation; he has not proffered any evidence that the court was unable to disregard the improper evidence, or that there was a strong likelihood that the effect of the evidence was devastating. In light of AEDPA deference and *Greer*'s presumption, a single conclusory statement does not establish actual prejudice.[4]

Moreover, even if—contrary to its own statement—the trial court considered the improper evidence, any error was harmless. On collateral review, the harmless error standard is:

> whether the error "had substantial and injurious effect or influence in determining the jury's verdict." Under this standard, habeas petitions may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in "actual prejudice."

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 775 (1946)); *see also Fowler v. Joyner*, 753 F.3d 446, 459 (4th Cir. 2014) (holding that "any error satisfying *Brecht* will also satisfy AEDPA's deference requirements").

The trial court believed the victim's version of events, bolstered by (1) the victim's actions after Lester dropped her off at her sister's home, (2) Lester's advanced arrangements to have a motel room, beer, and lubrication readily available, and (3) Lester leaving to go to Greensboro immediately after the offenses, without telling his probation officer. Trial Tr. 172-74; *see also Marshall*, 459 U.S. at 434. Any improper evidence of Lester's silence was slight, and significant evidence supported the verdict.

---

[3] In his appellate brief, Lester admitted that "the court did indicate that it had not 'considered the fact' that [Lester] did not make a statement to the police." Pet'r's Br. 9, *Lester*, No. 150721, ECF No. 10, Attach. 1.

[4] "Bare allegations" of constitutional error are not sufficient grounds for habeas relief; the petitioner must proffer evidence to support his claims. *Nickerson v. Lee*, 971 F.2d 1125, 1135 (4th Cir. 1992).

Lester has failed to show that the Commonwealth's improper impeachment violated his due process rights; therefore, I grant the motion to dismiss as to Claim 2.

## V.

For the reasons stated, I **GRANT** the motion to dismiss. Lester's petition is without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Lester and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This __4th__ day of December, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE